**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANCIS J. RUSSO and<br>MILLICENT RUSSO, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 2:26-cv-8705 |
| LOCKHEED MARTIN CORPORATION, .<br>et al. | : | |

## ORDER

AND NOW, this ___________ day of ______________, 2026, upon consideration of the Notice of Removal filed on behalf of Defendant, Lockheed Martin Corporaiton and any response thereto, it is hereby ORDERED and DECREED that the same is granted and the action of Francis J. Russo, et al. v. Lockheed Martin Corporaiton, et al., October Term, 2026, No. 3765, is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania and is transferred to the United States District Court for the Eastern District of Pennsylvania.

BY THE COURT:

_____________________________________

J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANCIS J. RUSSO and MILLICENT RUSSO,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCE STORES COMPANY, INC., et al.,<br><br>Defendants. | Civil Action No.: 2:26-cv-8705 |

**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a) (FEDERAL OFFICER)**

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Lockheed Martin Corporation hereby removes the above-entitled action from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1442(a). In support, Lockheed Martin offers the following:

## I. Background

1. On or about October 27, 2026, Plaintiffs Francis J. Russo and Millicent Russo ("Plaintiffs") filed this personal injury action in the Court of Common Pleas of Philadelphia County, entitled *Francis J. Russo and Millicent Russo v. Advance Stores Company, Inc.*, Case No. 2610-03765 ("Complaint"). Plaintiffs served Lockheed Martin with a copy of the Complaint on November 9, 2026. A true and correct copy of Plaintiffs' Complaint is attached hereto as **Exhibit 1**. The Complaint names multiple defendants, including Lockheed Martin. Plaintiffs allege, in part, that Plaintiff Francis J.

Russo ("Mr. Russo") incurred personal injuries due to alleged asbestos exposure from products allegedly designed, manufactured, or supplied by Lockheed Martin. (*See* Complaint, ¶¶ 2, 4, 5.) Plaintiffs further allege that Mr. Russo "was exposed to asbestos-containing adhesives, epoxies, and sealants" while working "as a civilian Chemist and Material & Process Engineer at the Naval Air Rework Facility (hereinafter 'NARF') at MCAS Cherry Point, Havelock, NC." (*Id.*, ¶ 4(d).)

2. On or about November 12, 2026, counsel for Lockheed Martin received Plaintiffs' "Answers To Defendants' General Interrogatories," to which Plaintiffs attached as "Exhibit B" a document entitled "Plaintiff's Occupational and Non-Occupational Asbestos Exposure" (hereinafter "Plaintiff's Exposure Form"). A true and correct copy of Plaintiff's Exposure Form is attached hereto as **Exhibit 2**. Plaintiff's Exposure Form alleges, in part, that Mr. Russo "recalls being exposed to asbestos dust from the following asbestos-containing aircraft: . . . C-130," while working at the NARF facility. (Plaintiff's Exposure Form, p. 2.) .

3. At all times, including Mr. Russo's alleged employment at the NARF facility located at MCAS Cherry Point, any and all aircraft supplied by Lockheed Martin to the United States military, including the C-130, were manufactured for the United States military in accordance with detailed specifications approved by the United States government and under the direct supervision, control, orders, and directives of a federal officer acting under color of federal office.

4. This Notice of Removal is being filed within 30 days of the date Plaintiffs served Lockheed Martin with their Complaint. Accordingly, this removal is filed within the time-period prescribed by law. *See* 28 U.S.C. § 1446(b).

## II. Federal Officer Removal Is Appropriate Under 28 U.S.C. §1442(a)

5. Removal is proper under 28 U.S.C. § 1442(a) when the defendant seeking removal (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a "colorable federal defense." *Papp v. Fore-Kast Sales Co., Inc.,* 842 F.3d 805, 812 (3d Cir. 2016); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2010).

6. Lockheed Martin is a "person" within the meaning of 28 U.S.C. § 1442(a). *See Papp*, 842 F.3d at 812.

7. Plaintiffs' claims against Lockheed Martin are based, in whole or in part, on Mr. Russo's alleged exposure to asbestos while working on or around Lockheed Martin-manufactured military aircraft while employed at the NARF facility located at MCAS Cherry Point from approximately 1972 to 1992. To the extent that the design or manufacture of such aircraft included asbestos-containing components, the United States government issued and/or approved reasonably precise specifications for such components. The United States government also issued and/or approved reasonably precise specifications as to the existence and content of warnings associated with any such aircraft. Any decision regarding asbestos in such aircraft or the component parts thereof was under the full control and discretion of the United States government. The United States government, likewise, controlled the content of written materials and warnings associated with such aircraft.

8. Lockheed Martin is entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *see also Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). *Yearsley* established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract in carrying out a government function. *Id.* Here, the *Yearsley* doctrine is satisfied because the military aircraft assembled by Lockheed Martin were produced and sold pursuant to validly-conferred authority and Lockheed Martin's conduct was within the bounds of that authority.

9. Lockheed Martin also is entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the separate and independent government contractor federal defense. *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). *Boyle* establishes that a government contractor is not liable for injuries caused by design defects in equipment when the contractor builds such equipment according to reasonably precise government-approved design specifications. The government contractor defense also

applies to claims of failure to warn. *Papp*, 842 F.3d at 814; *see also Hagen*, 739 F. Supp. 2d at 783. The government contractor defense is satisfied here because (a) the specifications for the design of the aircraft at issue, and all warnings and written materials associated with such aircraft, were controlled and approved by the United States government, (b) the aircraft, and all associated warnings and written materials, conformed to such specifications, and (c) Lockheed Martin did not fail to warn the government of any dangers known to Lockheed Martin and unknown to the government.

## III. Procedural Compliance

10. Lockheed Martin satisfies the requirements for removal under 28 U.S.C. § 1442(a) and, therefore, is entitled to remove this entire action. Joinder of the other defendants in this action is not necessary to remove under 28 U.S.C. §1442(a). *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F. 2d 1310, 1314-1315 (9th Cir. 1981).

11. In accordance with 28 U.S.C. § 1442(a), Lockheed Martin hereby attaches as **Exhibit 3** a copy of the state court docket identifying each document filed and/or served in the state court action.

12. In accordance with 28 U.S.C. § 1446(d), undersigned counsel for Lockheed Martin certifies that, concurrently with filing the instant Notice of Removal in this Court, counsel also is serving this Notice of Removal on all parties that have appeared in the state court action.

## IV. Conclusion

13. Removal of this action is proper under 28 U.S.C. § 1442. Plaintiffs' Complaint is a civil action brought in state court and this Court has jurisdiction over the subject matter under 28 U.S.C. §1442(a)(1).

**WHEREFORE**, Lockheed Martin requests that this action proceed in this Court as a properly removed action.

Respectfully submitted,

Date: 11/13/2026

*Timothy Rau*

TIMOTHY D. RAU, ESQUIRE
(PA ID No.: 84707)
trau@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-351-5818
Attorney for Defendant, Brand Industrial Services, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANCIS J. RUSSO and<br>MILLICENT RUSSO, | : | |
| v. | : | CIVIL ACTION NO.: 2:26-cv-8705 |
| LOCKHEED MARTIN CORPORATION, .<br>et al. | : | |

**AFFIDAVIT**

Timothy D. Rau, Esquire, being sworn according to law deposes and says that he is counsel for Defendant, Lockheed Martin Corporation in the within matter; and that he has read the foregoing Notice of Removal and believes it to be true and correct, to the best of his knowledge or information and belief.

Respectfully submitted,

Date: 11/13/2026

*Timothy Rau*

TIMOTHY D. RAU, ESQUIRE
(PA ID No.: 84707)
trau@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-351-5818
Attorney for Defendant, Brand Industrial Services, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANCIS J. RUSSO and<br>MILLICENT RUSSO,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, .<br>et al. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.: 2:26-cv-8705 |

## PROOF OF FILING

I, Timothy D. Rau, Esquire, hereby certifies that a copy of the foregoing Notice of Removal has been filed via electronic filing with the Prothonotary of the Court of Common Pleas of Philadelphia County on November 13, 2026.

Respectfully submitted,

Date: 11/13/2026

*Timothy Rau*

TIMOTHY D. RAU, ESQUIRE
(PA ID No.: 84707)
trau@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-351-5818
Attorney for Defendant, Brand Industrial Services, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANCIS J. RUSSO and<br>MILLICENT RUSSO,<br><br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, .<br>et al. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.: 2:26-cv-8705 |

**CERTIFICATE OF SERVICE**

I, Timothy D. Rau, Esquire, hereby certify that a copy of the attached has been served upon the following individual by first class, United States mail, postage pre-paid this 13th day of November, 2026.

Suzanne M. Ratcliffe, Esquire
Maune Raichle Hartley French & Mudd, LLC
230 S. Broad street, Suite 503
Philadelphia, PA 19102

Respectfully submitted,

Date: 11/13/2026

*Timothy Rau*

TIMOTHY D. RAU, ESQUIRE
(PA ID No.: 84707)
trau@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-351-5818
Attorney for Defendant, Brand Industrial Services, Inc.

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Timothy D. Rau, Esquire
Identification No. 84707
Attorneys for Defendant, Lockheed Martin Corporation

| | | |
|---|---|---|
| FRANCIS J. RUSSO and MILLICENT RUSSO | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | OCTOBER TERM, 2026 |
| | : | NO. 03765 |
| LOCKHEED MARTIN CORPORATION, et al. | : | |
| | : | |

**NOTICE OF REMOVAL**

TO: PROTHONOTARY OF THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

Pursuant to 28 U.S.C.A. §1446(d), Lockheed Martin Corporation. files herewith a copy of the Notice of Removal, which was filed in the United States District Court for the Eastern District of Pennsylvania on November 13, 2026.

Respectfully submitted,

Date: 11/13/26

*Timothy D. Rau*

TIMOTHY D. RAU, ESQUIRE
Attorneys for Defendant, Brand Industrial Services, Inc.